Filed 1/16/26  P. v. Lee CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B341781 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. MA086033) |
| v. | |
| DAWYNE LAMAR LEE, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Emily J. Cole, Judge.  Affirmed.

Ava R. Stralla, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Dawyne Lamar Lee appeals from a judgment after his probation was revoked and he was sentenced to three years in state prison for making criminal threats.  We appointed counsel to represent Lee on appeal.  After reviewing the record, counsel for Lee filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d

436 that did not identify any arguable issues.  After independently reviewing the record, we have not identified any either.  We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

In October 2023 Marie G. and Lee had been dating for three years and had one child together.  Marie was pregnant with her second child.  On October 29 Marie was living in her Palmdale home with Lee, Marie's sister Azhane P., and Azhane's three children.  Lee became drunk and began arguing with Marie, accusing her of being unfaithful and engaging in incest.  Marie told Lee to go outside and cool down.  When Lee left the house, Marie locked the door and told Lee that he could not come back inside until he calmed down.

Marie then walked into Azhane's bedroom to go to sleep.  Lee went to Azhane's window from outside the house and pushed the window air conditioning unit into the room.  The air conditioning unit fell to the floor, and Lee attempted to enter the home through the window.  Azhane went to the window and tried to stop Lee from entering.  Lee and Azhane "started tussling" over the part of the window above the air conditioning unit, and the window fell and cut Azhane on her face.  Azhane's face started bleeding, and she went to the bathroom to tend to her injury.

Lee went to the front of the house and entered through a broken window.  When Azhane came out of the bathroom and saw Lee, she went into the kitchen to get a knife.  Azhane retrieved a steak knife and moved toward Lee while holding it at her side.  In response, Lee raised a bottle of liquor above his head

and threatened to "crack [her] in the head." However, Lee then left the house without any further incident.

On December 18, 2023 Lee was charged in an information with assault by means of force likely to produce great bodily injury (Pen. Code, § 245, subd. (a)(4); count 1); first degree residential burglary with a person present (*id.*, §§ 459, 667.5, subd. (c)(21); count 2); making criminal threats (*id.*, § 422, subd. (a); count 3); misdemeanor vandalism under $400 (*id.*, § 594, subd. (a); count 4); and misdemeanor contempt of court for violating a protective order entered against Lee on November 13, 2023 (*id.*, § 166, subd. (c)(1); count 6).[1] The information alleged as to counts 1 through 4 that Lee was convicted of three prior felonies within the meaning of section 1203, subdivision (e)(4).

On March 12, 2024 Lee entered into a negotiated plea of no contest to making criminal threats (count 3), and he admitted to an aggravating factor.[2] Prior to entering the plea, Lee signed a felony plea form with advisement and waiver of rights that advised him of the terms of the negotiated disposition, the maximum sentence, his constitutional rights, and the consequences of his plea. The superior court also inquired at the hearing whether Lee was freely and voluntarily entering into the plea and understood the advisements on the plea form.

As part of the negotiated disposition, Lee agreed the superior court would impose and suspend a three-year sentence (the upper term), and he would be placed on probation for two

---

[1] The superior court dismissed count 5 for a second count of misdemeanor contempt of court.

[2] The prosecutor and superior court did not specify the aggravating factor, but we assume it was for the alleged convictions of three prior felony convictions.

3

years subject to certain terms and conditions, including completion of 26 weeks of anger management classes and 52 weeks of Alcoholics Anonymous meetings.  In addition, Lee agreed to pay Marie at least $150 in restitution and stay away from Marie and Azhane.  The court advised Lee:  "[I]f you violate your probation, fail to comply with the terms and conditions, or fail to obey all laws, then you would be sentenced to three years of state prison."  Lee agreed to the terms and conditions, and the court imposed and suspended the negotiated sentence.  The court ordered Lee to return to court on May 15, 2024 for a restitution hearing and progress report.

On May 15, 2024 Lee failed to appear in court.  According to defense counsel, Lee "has been in communication with his probation officer.  He is currently homeless.  He's down in the Los Angeles area.  He's having some transportation issues; so I'm asking the court to hold the warrant for a short period of time.  I did speak to him.  I spoke to him and his sister.  They're going to try to facilitate him getting a ride up here as soon as possible, but he doesn't have that ability today."  The attorney added, "[A]t this point, you know, I think it's worth at least seeing if we can get him here on his own instead of issuing a warrant.  He didn't ignore me; so he seems responsive to me, at least."  The court revoked probation and issued and held a bench warrant until May 17.

Lee failed to appear on May 17, and the superior court ordered the bench warrant to issue.  In June 2024 Lee was arrested on the bench warrant.  On June 14 he was ordered to court, but he was a "miss out" (failed to come to court).  Lee continued to be a miss-out, and from June 20 to August 8, Lee

4

refused to come to court. On August 21, 2024 Lee appeared in court in custody, and the court recalled the bench warrant.

At the hearing on August 21, Lee's attorney asked the superior court to "give him another chance on probation. He had a lot of things going on since his plea . . . he was homeless. He was also dealing with custody issues with his kids, which has been resolved. [¶] I do have documentation that while he was out, he had attempted to get linked with a therapist online. . . . [¶] In terms of him not coming to court, he indicated that he's been sick in custody, a stomach issue, which is why he was not coming; is finally feeling better, which is why he's here today. [¶] I'm sure that he would be willing to waive some credits if the court would be willing to sentence him to maybe some jail time and reinstate his probation rather that imposing the full three years." Lee stated that he reported to the probation office, but his case was transferred because he was homeless, and he reported by telephone. The court confirmed that Lee had initially reported to the probation department, but he had last reported on May 3, 2024. Lee stated he did not come to court for two months after he was taken into custody in June because he was sick with diarrhea. He promised that he would comply with his probation if he was given another chance. The court set a probation hearing for September 17 and ordered Lee held without bail. The court advised Lee: "You have the right and obligation to be personally present in court. Your probation violation hearing will proceed without you if you refuse to be personally present."

On September 17, 2024 the superior court held a probation violation hearing. Lee refused to attend the hearing, and the court found Lee was "in violation of his probation by a

preponderance of the evidence, not only just by not reporting to probation, complying with his terms and conditions, but also failing to appear in court on a date when I ordered him to report. [¶] I did give him the benefit of the doubt and I extended the bench warrant and held it for two days . . . and he still chose, even on the second day . . . and then never came in until he was forced in by the sheriff. [¶] So at this point, I do find him in violation. I will try one more time to get him into court for a probation violation sentencing."

On October 23, 2024 Lee appeared in court, and the superior court terminated his probation and imposed the upper term of three years in state prison based on the negotiated sentence and "admissions to circumstances in aggravation at the time of the plea." The court awarded Lee 240 actual days of custody credit, plus 240 days of good time/work time credit for a total of 480 days. Lee timely appealed.

## DISCUSSION

We appointed counsel to represent Lee in this appeal. After reviewing the record, counsel filed a brief raising no issues. Appointed counsel advised Lee on September 19, 2025 that he could personally submit any contentions or issues he wanted this court to consider. Appointed counsel also sent Lee the record on appeal and a copy of the appellate brief. This court also sent a letter to Lee on September 19, 2025 advising him that "[w]ithin 30 days of the date of this notice, appellant may submit a supplemental brief or letter stating any grounds for an appeal, or contentions, or arguments which appellant wishes this court to consider." We received no response from Lee.

6

We have examined the record and are satisfied appellate counsel for Lee has complied with counsel's responsibilities, and there are no arguable issues.  (*Smith v. Robbins* (2000) 528 U.S. 259, 277-284; *People v. Kelly* (2006) 40 Cal.4th 106, 118-119; *People v. Wende, supra*, 25 Cal.3d at pp. 441-442.)

## DISPOSITION

The judgment is affirmed.


FEUER, J.

We concur:


MARTINEZ, P. J.


SEGAL, J.